IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
--------------------------------------------------------x
CHARLES L. EDWARDS ET AL.           :
                                    :                3:14 CV 710 (JBA)
                                    :
v.                                  :
                                    :
NEW HAVEN PROBATE COURT ET AL.      :                DATE: JUNE 3, 2014
--------------------------------------------------------x
```

RULING ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED RULING OF DISMISSAL

On May 16, 2014, plaintiff Charles L. Edwards, commenced this action pro se against the New Haven Probate Court, Connecticut Mental Health, Rhonda Achoki, Dr. Al Samra, Connecticut Legal Rights Project, Inc., Public Safety, and Gail Siciha, in which Complaint he alleges that he has bipolar, affective disorder, mixed, with depressive features for which he needs hospital care, and is a paranoid schizophrenic, is delusional, and received "involuntary medication[.]" (Dkt. #1, at 2-4).[1]   Plaintiff is currently a civil detainee committed at Connecticut Mental Health Center. (Id. at 4).  Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis, pursuant to 28 U.S.C. § 1915.  (Dkt. #2).  On May 21, 2014, United States District Judge Janet Bond Arterton referred the pending Motion to this Magistrate Judge.  (Dkt. #3).  Plaintiff has met the requirements of 28 U.S.C. § 1915(a) and

---

[1] Attached to plaintiff's Complaint are the following exhibits: copy of another Complaint, sworn to by plaintiff on May 14, 2014; copy of Sell v. United States from Wikipedia, http://en.wikipedia.ord/Sell_v._United_States; copy of Supreme Court Rules 32-48; copy of excerpt of articles regarding Chambers v. Florida; copy of Department of Mental Health and Addiction Services, Connecticut Mental Health Center ["CMHC"] Notice of Privacy Practices, Effective September 23, 2013; copy of records from CMHC; copy of medical records of plaintiff, dated May 7, 2014; copy of Twining v. New Jersey; copy of Constitutional Amendments 4-10; two copies of appointment of plaintiff's Conservator, dated February 6, 2014; copy of correspondence from the U.S. Supreme Court to plaintiff re: his writ of certiorari, dated April 16, 2014; another copy of Supreme Court Rules 36-39; copy of Request to Conservator Consent to Medical Treatment, dated February 6, 2014; copy of e-mail, dated February 21, 2014; copy of involuntary confinement order, dated June 13, 2013; and copy of Civil Cover Sheet for Edwards v. Rothrack.

is granted leave to proceed in forma pauperis.

The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege.  Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2)(B).  A claim is "frivolous" if it lacks an arguable basis in either law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hidalgo-Disla v. INS, 52 F.3d 444, 446-47 (2d Cir. 1995).   As the Second Circuit has held:

> An action is "frivolous"' when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is 'based on an indisputably meritless legal theory.' " Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989)). A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir.1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995).

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

The pending action bears similarity to the twelve previous lawsuits initiated by plaintiff pro se, all of which have been dismissed.  See Edwards v. State of Conn. et al., 3:12 CV 1743 (AWT)(dismissed and judgment entered January 9, 2014);  Edwards v. New Haven Police et al., 3:11 CV 255 (AWT)(dismissed July 1, 2013); Edwards v. Baptiste et al., 3:11 CV 160 (AWT)(dismissed July 1, 2013); Edwards v. Keyes et al., 3:10 CV 1952 (AWT)(dismissed July 1, 2013); Edwards v. Baptiste et al., 3:10 CV 1008 (SRU)(dismissed for failure to prosecute, December 7, 2010); Edwards v. Baptiste et al., 3:08 CV 1720 (PCD)(judgment entered on defendants' motions to dismiss, June 25, 2009); Edwards v. Baptiste et al., 3:06 CV 952

(PCD)(dismissed July 18, 2007 and Second Circuit appeal dismissed September 30, 2010); Edwards v. Callinan et al., 3:01 CV 1308 (RNC)(dismissed and judgment entered on March 6, 2003); Edwards v. Adams et al., 3:01 CV 1117 (JBA)(dismissed and judgment entered on August 31, 2001); Edwards v. Surpanazie et al., 3:01 CV 825 (SRU)(dismissed and judgment entered on July 30, 2001); Edwards v. Jacobs et al., 3:99 CV 2150 (JBA)(dismissed and judgment entered on November 28, 2001); Edwards v. Barcinski et al., 3:98 CV 607 (GLG)(dismissed for failure to prosecute, August 11, 1999).  In this current action, plaintiff, once again, fails to state a coherent basis for his Complaint.  Attached to his Complaint are the orders signed by Judge John A. Keyes in which plaintiff was ordered to involuntary confinement, and in which plaintiff's Conservator consented to medical treatment for plaintiff.

Accordingly, the pro se plaintiff's Motion to Proceed In Forma Pauperis is granted; however, the undersigned recommends to Judge Arterton that this case be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B).

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 3rd day of June, 2014.

    __/s/ Joan G. Margolis, USMJ____
    Joan Glazer Margolis
    United States Magistrate Judge